**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. 24-40605** |
| **REMARKABLE HEALTHCARE** | § | |
| **OF CARROLLTON, LP,** | § | |
| | § | **(Chapter 7)** |
| DEBTOR. | § | |

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. 24-40608** |
| **REMARKABLE HEALTHCARE** | § | |
| **OF DALLAS, LP,** | § | |
| | § | **(Chapter 7)** |
| DEBTOR. | § | |

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. 24-40610** |
| **REMARKABLE HEALTHCARE** | § | |
| **OF FORT WORTH, LP,** | § | |
| | § | **(Chapter 7)** |
| DEBTOR. | § | |

**AGREED ORDER GRANTING CHAPTER 7 TRUSTEE'S
MOTION TO DISMISS CASE**

On December 3, 2024, the Court conducted a hearing regarding the *Chapter 7 Trustee's Motion to Dismiss Case* (the "***Motion***") which was filed in each of the above-captioned cases (the "***Chapter 7 Cases***") as set forth in the table below, by Michelle H. Chow, Chapter 7 Trustee (collectively, the "***Chapter 7 Trustee***") for the Bankruptcy Estates of the above-captioned Debtors, Remarkable Healthcare of Carrollton, LP ("***RH-Carrollton***"), Remarkable Healthcare of Dallas, LP ("***RH-Dallas***"), , and Remarkable Healthcare of Fort Worth, LP Remarkable Healthcare of Carrollton, LP ("***RH-Fort Worth***") (collectively, "***DFW Debtors***").

| Case No. | Docket No. |
|---|---|
| 24-40605 | 444 |
| 24-40608 | 60 |
| 24-40610 | 59 |

Objections to the Motion were filed on December 3, 2024 by KRS Carrollton LLC, KRS Dallas LLC, KRS Fort Worth LLC (collectively, "***KRS DFW***") and Alleon Capital Partners, LLC ("***Alleon***"). The Debtor appeared at the hearing on the Motion.

In light of the announcements made by KRS DFW, the Chapter 7 Trustee of the DFW Debtors, and Remarkable Healthcare of Seguin LP, Debtor and Debtor in Possession, and the rulings of the Court made upon such announcements, and upon the record of the Court in the Chapter 7 Cases, the Court finds and concludes cause exists to grant the relief requested therein.

**IT IS THEREFORE ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. All capitalized terms shall have the same meaning as ascribed to such terms in the Motion, unless otherwise defined herein.

3. Each of the Chapter 7 Cases are hereby dismissed with prejudice to the re-filing of any case by any of the DFW Debtors for one (1) year, each such dismissal effective on completion of the requirements imposed by this Order and the filing by the Chapter 7 Trustee with the Court of a Notice of Final Dismissal Date and Certification of Deposit of all remaining Estate Funds into the Court Registry. Except as provided otherwise in this Order, this Order resolves all disputes in the Chapter 7 Cases between the Chapter 7 Trustee on the one hand and KRS DFW or Alleon on the other hand, and any further request for relief related to alleged disputes among or between these parties is hereby barred, subject to actions specifically authorized by this Order that KRS DFW and Alleon may take including without limitation objecting to any fee applications filed pursuant to this Order.

4. Within three (3) business days of the entry of this order, the DFW Debtors shall remit to the Chapter 7 Trustee all funds held by the DFW Debtors. DFW Debtors may keep a $500.00 reserve in each account.

5. The DFW Debtors shall, for a period of thirty (30) days after the entry of this Order ("***Remittance Period***"), (i) continue to collect any and all payments to the DFW Debtors in any form (collectively, with any other cash of and from the DFW Debtors, "***Aggregate Deposits***") and (ii) promptly remit the Aggregate Deposits and any other cash on hand to the Chapter 7 Trustee. DFW Debtors may keep a $500.00 reserve in each account.

6. Within three (3) business days after the entry of this Order:

    a. The Chapter 7 Trustee shall transfer an amount of $4,300.00 from the RH-Dallas case and $2,500.00 from the RH-Carrollton case by check payable to Jeff Carruth's trust account, and mailed to Jeff Carruth, Weycer, Kaplan, Pulaski & Zuber, P.C., 2608 Hibernia, Suite 105. Dallas, Texas 75204-2514 ("***Cost Report Reserve***") from the Aggregate Deposits for the sole purpose of paying amounts owing by the DFW Debtors for Medicare Cost Reports to Miranda Williams, LLC.

    b. Mr. Carruth is directed to use the funds transferred to his trust account from the Cost Report Reserve to pay Medicare Cost Reports of the DFW Debtors

       within seven (7) calendar days of his receipt of the Cost Report Reserve funds.

7. Notwithstanding the dismissal of the above-captioned cases, all insurance companies and other payers of Medicare, Medicaid, variations of and replacement plans for Medicare and Medicaid, all other payers of all other health insurance claims, including without limitation WellMed, Cigna and AARP, and any other custodian of a provider portal, shall: (i) provide LaDonna Daniel of Compass Medicare Billing LLC ("**_Compass_**") with complete, unrestricted, administrative and/or primary-user access to their provider portals with respect to claims billed or to be billed by the DFW Debtors (collectively, "**_Remarkable Patient Claims_**"), including without limitation full access to review Remarkable Patient Claims, related explanations of benefits, denials, and any other information related to Remarkable Patient Claims in the portals, and authority to add other authorized users to the portal, notwithstanding that Compass may be a third-party billing company; and (ii) provide the foregoing access to Compass within no later than two (2) business days of presentment by a party other than the DFW Debtors of this Order to such insurance company, payer, or other custodian of the provider portal.

8. Following the transfer of funds by Mark Weisbart, Subchapter V Trustee ("**_Subchapter V Trustee_**"), if any, to the Chapter 7 Trustee, and DFW Debtors' remittance of all cash on hand, including without limitation all Aggregate Deposits, to the Chapter 7 Trustee pursuant to the foregoing paragraph, and upon the conclusion of the later of the expiration of the Remittance Period and the resolution of any fee applications filed in each case, the Chapter 7 Trustee shall make one transfer per DFW Debtor (three transfers total) of the Aggregate Deposits held on behalf of each DFW Debtor to the Registry of the Court, and file a Notice of Transfer in each case.

9. The DFW Debtors shall keep open any and all bank accounts which are currently open, including all accounts at Regions Bank.

10. Dismissal of the Chapter 7 Cases shall not deprive or otherwise affect Alleon's and KRS DFW's viewing access to the bank accounts of the DFW Debtors at Regions Bank following entry of this Order, and the DFW Debtors shall ensure the continued viewing access to Alleon and KRS-DFW to such accounts.

11. Alleon, KRS DFW, and/or any other party in interest may file a miscellaneous proceeding seeking a turnover and disbursement (each, a "**_Disbursement Motion_**" and collectively, "**_Disbursement Motions_**") of some or all of the Aggregate Deposits after the funds are deposited into the Registry of the Court.

    a. The deadline for the filing of a Disbursement Motion is thirty (30) days after the funds are deposited into the Registry of the Court.

    b. The deadline for any party to object to a Disbursement Motion is ten (10) days from the date of filing of the Disbursement Motion, in absence of a

stipulation between the movant and the objecting party extending such objection deadline(s).

c. The Court will set a hearing on a Disbursement Motion if an objection is filed.

d. In the absence of the filing of such a Disbursement Motion, on or after the thirty-first (31st) day after the funds are deposited into the Registry of the Court, the Clerk of Court or other applicable custodian of the Court's Registry may to remit the funds to the applicable DFW Debtor(s).

12. In addition to any previously entered Orders that remain effective following the dismissal of the DFW Cases by their own terms, the following Orders shall remain effective following the dismissal of the DFW Cases.

| Case No. | Debtor Name | Dkt# | Order Title (Abridged) |
|---|---|---|---|
| 24-40605 | RH-Carrollton | 92 | Order Granting Motion of Subchapter V Trustee for Post-Petition Security Deposits |
| 24-40605 | RH-Carrollton | 103 | Order Resulting from Show Cause Hearing |
| 24-40605 | RH-Carrollton | 106 | Amended Order Resulting from Show Cause Hearing |
| 24-40605 | RH-Carrollton | 112 | Order Granting Application to Employ Gutnicki LLP as Counsel to the Debtors |
| 24-40605 | RH-Carrollton | 123 | Interim Order Authorizing the Use of Cash Collateral |
| 24-40605 | RH-Carrollton | 197 | Order Enforcing Interim Cash Collateral Order |
| 24-40605 | RH-Carrollton | 219 | Order Denying KRS Landlords' Motion for Adequate Protection |
| 24-40605 | RH-Carrollton | 220 | Amended Order Partially Granting Debtors' Motion to Enforce Cash Collateral Order |
| 24-40605 | RH-Carrollton | 269 | Final Order Granting First Amended Motion to (I) Approve Debtor in Possession Credit Agreement, (II) Grant Priming Liens Under Code Sec. 364(d), and (III) Obtain Related Relief (Regarding March 22, 2024 Payroll (Re: Docket No. 69) |
| 24-40605 | RH-Carrollton | 270 | Final Order Granting First Amended Motion to (I) Approve Debtor in Possession Credit Agreement, (II) Grant Priming Liens Under Code Sec. 364(d), and (III) Obtain Related Relief (Regarding April 5, 2024 Payroll (Re: Docket No. 70) |
| 24-40605 | RH-Carrollton | 345 | Order Granting Rule 2004 Motion |

| Case No. | Debtor Name | Dkt# | Order Title (Abridged) |
|---|---|---|---|
| 24-40605 | RH-Carrollton | 347 | Order Granting KRS Motion to Lift Stay and Enforce Default Provision Against Seguin |
| 24-40605 | RH-Carrollton | 402 | Agreed Interim Order Granting Debtors' Motion to Compel West Wharton |
| 24-40605 | RH-Carrollton | 433 | Amended Agreed Order Granting Debtors' Motion to Compel West Wharton |
| 24-40605 | RH-Carrollton | 448 | Order Approving Employment of Singer & Levick, P.C. as Special Counsel |
| 24-40605 | RH-Carrollton | TBD | Agreed Order Resolving Motion For (I) Substitute Standing and (II) Allowance of Administrative Claims for Transferred Post-Petition Funds on Behalf of DFW Debtors, and (III) Related Relief / Appointment Of Examiner, and (IV) Objection to Confirmation |
| 24-40608 | RH-Dallas | 63 | Order Approving Employment of Singer & Levick, P.C. as Special Counsel |
| 24-40608 | RH-Dallas | TBD | Agreed Order Resolving Motion For (I) Substitute Standing and (II) Allowance of Administrative Claims for Transferred Post-Petition Funds on Behalf of DFW Debtors, and (III) Related Relief / Appointment Of Examiner, and (IV) Objection to Confirmation |
| 24-40610 | RH-Fort Worth | 62 | Order Approving Employment of Singer & Levick, P.C. as Special Counsel |
| 24-40610 | RH-Fort Worth | TBD | Agreed Order Resolving Motion For (I) Substitute Standing and (II) Allowance of Administrative Claims for Transferred Post-Petition Funds on Behalf of DFW Debtors, and (III) Related Relief / Appointment Of Examiner, and (IV) Objection to Confirmation |

13. All fee applications in each case must be filed on or before fourteen (14) calendar days following the entry of this Order. Any party in interest may object to any fee application filed pursuant to this paragraph on any basis. For the avoidance of doubt, the Chapter 7 Trustee and the Subchapter V Trustee are prohibited from setting off or applying any of the DFW Debtors' cash in her or his possession or control to any unpaid amounts for fees and expenses, unless and until authorized to do so pursuant to an order of this Court regarding her or his respective fee application.

14. The Subchapter V Trustee shall maintain any cash constituting property of the DFW Debtors' estates in segregated accounts pending further order of the Court. After resolution of his fee application, the Subchapter V Trustee shall turn over all

**AGREED ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION TO DISMISS CASE** Page 5

remaining funds constituting property of the DFW Debtors' estates that are in his possession or control, if any, to the Chapter 7 Trustee for deposit into the Registry of the Court.

15. The Court shall retain jurisdiction to enforce the terms of this Order.

**IT IS SO ORDERED.**

Signed on 12/18/2024

*Brenda T. Rhoades*     SD
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE

**Submitted by:**
Larry A. Levick
Singer & Levick, P.C.
16200 Addison Road, Suite 140
Addison, Texas  75001
Phone:  972.380.5533 / Fax:  972.380.5748
Email:  levick@singerlevick.com
SPECIAL COUNSEL FOR MICHELLE H. CHOW, CHAPTER 7 TRUSTEE

*{continued on following sheet}*

**AGREED AS TO FORM AND CONTENT:**

| | |
|---|---|
| SINGER & LEVICK, P.C.<br><br>By:  /s/ *Larry A. Levick*<br>Larry A. Levick (SBN 12252600)<br>Email: levick@singerlevick.com<br>16200 Addison Road, Suite 140<br>Addison, TX 75001<br>Phone: 972-380-5533<br>Fax: 972-380-5748<br><br>**SPECIAL COUNSEL FOR MICHELLE H. CHOW, CHAPTER 7 TRUSTEE**<br><br>**MARK WEISBART, SUBCHAPTER V TRUSTEE**<br><br>By:  /s/ *Mark Weisbart*<br>Mark A. Weisbart (SBN 21102650)<br>Email: mweisbart@haywardfirm.com<br>Hayward PLLC<br>10501 North Central Expressway, Suite 106<br>Dallas, TX  75231<br>Phone: 972-755-7103<br>Fax:  972-755-7100 | GUTNICKI LLP<br><br>By:  /s/ *Liz Boydston*<br>Liz Boydston (SBN 24053684)<br>Email: lboydston@gutnicki.com<br>Alexandria Rahn (SBN 24110246)<br>Email: arahn@gutnicki.com<br>8080 N. Central Expressway, Suite 1700<br>Dallas, Texas 75201<br>Phone: (469) 935-6699<br>Fax: (469) 895-4413<br><br>Max Schlan (admitted Pro Hac Vice)<br>Email: mschlan@gutnicki.com<br>45 Rockefeller Plaza, Suite 2000<br>New York, New York 10111<br>Telephone: (646) 825-2330<br>Fax: (646) 825-2330<br><br>**ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION** |
| WEYCER, KAPLAN, PULASKI & ZUBER, P.C.<br><br>By:  /s/ *Jeff Carruth*<br>Jeff Carruth (SBN 24001846)<br>Email: jcarruth@wkpz.com<br>2406 Hibernia, Suite 105<br>Dallas, TX 75204-2514<br>Phone: (713) 341-1158<br>Fax: (713) 961-5341<br><br>**ATTORNEYS FOR KRS CARROLLTON LLC, KRS DALLAS LLC, KRS FORT WORTH LLC, KRS SEGUIN, LLC AND KILGORE PROPERTY MANAGEMENT LLC** | HUSCH BLACKWELL LLP<br><br>By:  /s/ *Buffey E. Klein*<br>Buffey E. Klein (SBN 24032515)<br>Email: buffey.klein@huschblackwell.com<br>Thomas J. Zavala (SBN 24116265)<br>Email: tom.zavala@huschblackwell.com<br>1900 N. Pearl Street, Suite 1800<br>Dallas, Texas 75201<br>Phone: (214) 999-6152<br>Fax: (214) 999-6170<br><br>HUSCH BLACKWELL LLP<br>Lynn Hamilton Butler (SBN 03527350)<br>Email: lynn.butler@huschblackwell.com<br>111 Congress Avenue, Suite 1400<br>Austin, Texas 78701<br>Phone: (512) 472-5456<br>Fax: (512) 479-1101<br><br>**ATTORNEYS FOR ALLEON CAPITAL PARTNERS LLC** |